**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CLAUDE PAYNE,

    Petitioner,

    -vs-

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

Case No. 1:11-cv-193

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

**REPORT AND RECOMMENDATIONS**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted of aggravated murder and having weapons under disability and sentenced to thirty-three years to life imprisonment in the Hamilton County Common Pleas Court. He pleads the following grounds for relief:

> **Ground One:** Petitioner was denied his federal constitutional right to effective assistance of trial counsel when his defense counsel failed to properly and adequately investigate the case which resulted in severe prejudice to Petitioner. Further, Petitioner's defense counsel failed to make proper and timely objections to a prejudicial line of questioning regarding other act evidence which defense counsel failed to recognize due to his inadequate preparation for trial.
>
> **Ground Two:** Petitioner's due process rights were violated as his convictions were not supported by sufficient evidence, and he is actually innocent of the charges for which he has been convicted.

(Petition, Doc. No. 1, PageID 6-7.)

**Procedural History**

Payne was indicted by the Hamilton County Grand Jury in 2008 on one count of aggravated murder with a firearm specification and one count of having weapons under disability. The trial jury found him guilty as charged and he was sentenced to thirty years to life on the aggravated murder count with three years consecutive on the firearm specification and five years concurrent on the weapons possession charge. His conviction was affirmed on direct appeal. *State v. Payne,* Case No. C-090423 (Ohio App. 1st Dist. Jul 28, 2010)(unpublished; copy at Return of Writ, Doc. No. 10, Ex. 7, PageID 232-237.) He appealed to the Ohio Supreme Court, but that court declined to exercise jurisdiction. (Entry, Case No. 2010-1594; Return of Writ, Doc. No. 10, Ex. 10, PageID 252.)

# Analysis

**Ground One**

In his First Ground for Relief, Payne asserts he received ineffective assistance of trial counsel because his counsel failed to adequately investigate the case and that failure left him unprepared to properly and timely object to certain evidence which came into the record.

Although this Ground for Relief is phrased in general terms, the Court understands it to be limited to a particular failure to investigate which was revealed at trial and raised on appeal. If the claim were of a more general failure to investigate, it would not be exhausted because Payne has not filed a petition for post-conviction relief to litigate any ineffective assistance of trial counsel claims

outside the record.

Payne was represented on appeal by the same attorney who represented him at trial. He raised his own ineffectiveness as the fourth assignment of error, arguing as follows as to the inadequate investigation claim:

> Claude's case presents an exceptional situation, because trial counsel did not fail to investigate. Instead, counsel made the strategic decision to investigate, but failed to properly investigate. Counsel was particularly interested in information regarding a shooting on July 31st, the day prior to the incident in question. The State's key eyewitness, Rose Coleman, claimed the alleged shooter was the same person involved in a shooting on the 31st. Ms. Coleman initially identified the shooter as Lorenzo Hargrove, which she later changed to Claude Lorenzo Payne.
>
> To determine whether the two shooters were the same individual, counsel spoke with Detective David Gregory during a pre-trial conference. Counsel inquired as to whether an incident report or 911 calls existed connecting Claude Lorenzo Payne or Lorenzo Hargrove to the July 31st shooting. Gregory explained no incident reports or 911 calls connected either name to the July 31st shooting
.
> It is apparent from the record, counsel's strategy hinged upon Claude not being connected to the July 31st shooting, therefore Claude could not be the shooter on the date in question.
>
> However, counsel failed to inquire as to whether **any** incident reports or 911 calls reported a shooting on July 31st. Thus, counsel found himself in a predicament when questioning Gregory about the absence of such calls. Had counsel conducted an adequate investigation, he would have been aware a 911 call from July 31 sf existed and would have refrained from questioning Gregory on the absence of such call.
>
> Counsel's failure to adequately investigate all relevant and necessary information for Claude's defense severely weakened his ability to assert a theory of defense. Because counsel specifically intended to use information provided by Gregory in his defense, it is unreasonable to assert counsel limited his investigation for strategic purposes. It was not strategic for counsel to elicit responses

-3-

> corroborating the assertion by Ms. Coleman that Claude was the shooter on both days. Such representation would be contrary to effective assistance of counsel. Thus, counsel was ineffective for failing to conduct an adequate investigation regarding the July 31 st shooting.

(Brief of Defendant Appellant, Return of Writ, Doc. No. 10, Ex. 5, PageID 206-207.)

Counsel also accused himself of ineffective assistance arising from his failure to make objections to Detective Gregory's testimony on re-direct that there had been a call to police on July 31, 2008, reporting shots fired at a woman at 145 Huntington Place. *Id.* at PageID 207-208. Counsel claims this hearsay testimony about the content of the 911 call on July 31st was prejudicial to Payne "because it corroborated Ms. Coleman's assertion the same individual was involved in both shootings." *Id.* at PageID 209.

The Hamilton County Court of Appeals decided this fourth assignment of error as follows:

> In his fourth assignment of error, Payne argues that his trial counsel, who is also his appellate counsel, was ineffective. He first argues that his counsel was ineffective for failing to adequately investigate the case. Specifically, Payne claims that counsel should have further looked into a 911 call made the day prior to Phifer's shooting that allegedly referred to Payne. During her testimony, Rose Coleman had indicated that Phifer's shooter was the same man whom the police had been looking for a day earlier regarding a separate shooting. Payne asserts that his counsel should have conducted a more adequate investigation and obtained a record or report regarding this prior call. Payne's contention is untenable. Although this prior emergency call is mentioned in the record, Payne's claim cannot be substantiated without relying on matters outside the record. It cannot be demonstrated in a direct appeal, and we cannot find counsel ineffective on this ground.
>
> Payne next argues that his counsel was ineffective for failing to object to an entire line of questioning regarding the prior emergency call and the separate shooting. This argument is equally untenable. Given the ample evidence of Payne's guilt, including eyewitness identification from two separate persons, we conclude that Payne was in no manner prejudiced by counsel's failure to object to questioning

> regarding the prior emergency call and shooting. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Payne's fourth assignment of error is overruled.

*State v. Payne, supra,* PageID 236-237.

The court of appeals decided this ineffective assistance of trial counsel claim on the merits. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

The Hamilton County Court of Appeals applied the correct federal law, the leading case being *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

-5-

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result.  *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364 (1993).  "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won."  *United States v. Morrow,* 977 F.2d 222 (6th Cir. 1992).  Defects in

assistance that have no probable effect on the trial's outcome do not establish a constitutional violation. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002). To show prejudice the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented. *Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005).

The court of appeals' decision that Payne was not prejudiced by his counsel's actions is not objectively unreasonable. Ms. Coleman unequivocally identified Payne as the person who shot Phifer on August 1, 2008. She also testified that this was the same person who the police were looking for about a shooting on July 31,2008. That certainly was testimony damaging to Petitioner. But Detective Gregory's testimony undercut this testimony, rather than corroborating it. He testified on both cross and re-direct that the police had been unable to identify either the complainant or the victim of the July 31st shooting, clearly implying that Ms. Coleman was not the 911 caller as to the July 31st incident and that Payne was not the shooter, so far as the police knew. While it certainly would have been more discrediting of Ms. Coleman's testimony if Gregory had testified there were no calls about a July 31st shooting on Huntington, his testimony was just not as good for Payne as Payne's counsel had hoped.

Because the court of appeals' decision that there was no prejudice is not objectively unreasonable, Payne's First Ground for Relief is without merit.

**Ground Two**

In his Second Ground for Relief, Payne asserts his convictions are not supported by sufficient evidence and he is actually innocent of the charges.

**Actual Innocence**

As the Warden points out, actual innocence is not a basis on which habeas corpus relief can be granted. That is to say, a defendant who has received a constitutional-error free trial cannot obtain habeas corpus relief on the basis of new evidence which shows he is actually innocent of the charges. *Herrera v. Collins*, 506 U.S. 390 (1993). The Supreme Court has recently stated that the "cognizability of freestanding claims of actual innocence remains an open question." *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009). As long as that remains an open question for the Supreme Court, the lower courts must treat the claim as not cognizable. It is unclear whether Payne is asserting a stand-alone actual innocence claim in this case, as he makes no response to the Warden's assertion in the Return of Writ that the claim is not cognizable (See Response to Return of Writ, Doc. No. 14, PageID 864-867.)

Actual innocence can also be used as a "gateway" to excuse a procedural default of some other constitutional claim. See *House v. Bell,* 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 348-49 (1992). However, such a claim depends on the presentation of new evidence – evidence not presented at trial – and no such evidence is tendered here.

**Insufficient Evidence**

Insufficiency of the evidence is a cognizable habeas corpus claim. *Jackson v. Virginia*, 443 U.S. 307 (1979). The Warden asserts that Payne has procedurally defaulted on this claim because he did not include it in his appeal to the Ohio Supreme Court (Return of Writ, Doc. No. 10, PageID 177).

Payne admits that his counsel did not include this claim on appeal to the Ohio Supreme Court, but asserts that this constituted ineffective assistance of counsel, which is excusing cause for the failure to include the claim (Response to Return of Writ, Doc. No. 14, PageID 864-866). Ineffective assistance of counsel can constitute excusing cause, but only when counsel is ineffective at a stage of the proceedings in which a defendant is constitutionally entitled to counsel. That right is exhausted as of the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Because Payne had no constitutional right to the effective assistance of counsel in his appeal to the Ohio Supreme Court, the performance of his attorney at that level, even if deficient, cannot excuse the omission.

Omitting a claim at the Ohio Supreme Court level, even though review by that court is at its discretion, constitutes a procedural default which bars merit consideration in habeas. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Therefore the Second Ground for Relief should be dismissed.

If the Court were to reach the merits of the insufficient evidence case, it should still be dismissed. The fact that no physical evidence tied Petitioner to the shooting does not render the evidence insufficient in the face of two testifying eyewitnesses.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. If Petitioner seeks to appeal, he should be granted a certificate of appealability on the First Ground for Relief, given that it is grounded in confessed deficient performance by counsel. Reasonable jurists would not, however, disagree with the recommended disposition on the Second Ground for Relief and no certificate should be allowed on that Ground.

February 29, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Payne Habeas.wpd