# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CLAUDE PAYNE,

              Petitioner,      :      Case No. 1:11-cv-193

   - vs -                                    District Judge Susan J. Dlott
                                                 Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution,

                                                :

              Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 27). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended disposition.

Petitioner confusingly says his Motion is made "pursuant to Federal Rules [of] Civil Procedure 60(B)(4)(6)." *Id.* at PageID 921. He repeats this label on PageID 922. He mentions Fed. R. Civ. P. 60(b)(6) alone on the same page, but also argues this Court's actions of "failing to recognize counsels' deficient performance rendered the judgment 'void'…. *Id.*

Fed. R. Civ. P. 60(b) reads in its entirety

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(c) requires that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Final judgment in this case, the judgment Payne is attacking, was rendered September 4, 2012 (ECF Nos. 30, 31). The instant Motion was not filed until July 8, 2016, just short of four years later. In the meantime Payne appealed to and received a decision from the Sixth Circuit Court of Appeals rejecting the same argument he now makes here again. *Payne v. Warden, Lebanon Correctional Inst.*, Case No. 12-4321 (6th Cir. Sept. 11, 2013)(unpublished; copy at ECF No. 25).

Payne has offered no excuse for waiting nearly three years to file his instant Motion. Considered under Fed. R. Civ. P. 60(b)(6), it is untimely and may be denied on that basis alone. Moreover, relief under 60(b)(6) is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Payne has not shown any change in the law or evidence available to him which would warrant relief under Fed. R. Civ. P. 60(b)(6).

Payne is also not entitled to relief under Fed. R. Civ. P. 60(b)(4). A judgment is not void

2

merely because it is erroneous.  *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260 (2010).

> [A judgment] is void only if the court that rendered it lack jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.  Of course, although a challenge on one of those three grounds can be made under Rule 60(b)(4), if the court finds that there was subject-matter or personal jurisdiction, or that no due process violation has occurred, the motion will be denied.

Wright, Miller, and Kane, Federal Practice and Procedure:  Civil 3rd § 2862 (footnotes omitted).

**Conclusion**

Mr. Payne's Motion for Relief from Judgment is without merit and should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).