# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CLAUDE PAYNE,

        Petitioner,    :    Case No. 1:11-cv-193

  - vs -        District Judge Susan J. Dlott
                Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution,

                                    :

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations (ECF No. 28) on Payne's Motion for Relief from Judgment (ECF No. 27). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended disposition.

As required by Fed. R. Civ. P. 72(b), the Court has reviewed the findings and conclusions of the Magistrate Judge and has considered de novo all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

The Magistrate Judge found Payne's Fed. R. Civ. P. 60B) motion was untimely filed. The Objections offer no explanation of why Petitioner waited almost three years after the Sixth Circuit decided his appeal to file this Motion. He cites, *United Student Aid Funds v. Espinosa,*

1

559 U.S. 260 (2010). In that case, the Supreme Court did not interpret the "extraordinary circumstances" requirement that applies to Fed. R. Civ. P. 60(b)(6) motions, but rather Fed. R. Civ. P. 60(b)(4). The Court said:

> "A judgment is not void," for example, "simply because it is or may have been erroneous." *Hoult* v. *Hoult*, 57 F.3d 1, 6 (CA1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60-150 to 60-151 (3d ed. 2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher* v. *Dow Chemical Co.*, 132 F.3d 1225, 1229 (CA8 1997); see Moore's § 60.44[1][a], at 60-150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States* v. *Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (CA1 1990); Moore's § 60.44[1][a]; 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2862, p. 331 (2d ed. 1995 and Supp. 2009); cf. *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U.S. 371, 376, 60 S. Ct. 317, 84 L. Ed. 329 (1940); *Stoll* v. *Gottlieb*, 305 U.S. 165, 171-172, 59 S. Ct. 134, 83 L. Ed. 104 (1938).

*Id.* at 270-71. If Mr. Payne were attacking the judgment of **this** Court as void for lack of jurisdiction or failure to give him a fair hearing, that motion could be heard under Fed. R. Civ. P. 60(b)(4). But his argument instead is that his state court judgment was a "nullity." A new attack on the state court judgment cannot be made under Fed. R. Civ. P. 60, but must receive advance permission to proceed as a second or successive habeas corpus petition from the Sixth Circuit Court of Appeals. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Accordingly, the Court OVERRULES Petitioner's Objections, ADOPTS the Magistrate Judge's Report and Recommendations, and DENIES Petitioner's Motion for Relief from Judgment (ECF No. 27). Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that

any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July _22__, 2016.

                                        _s/Susan J.Dott_____
                                             Susan J. Dlott
                                              United States District Judge